BRONSTER FUJICHAKU ROBBINS
A Law Corporation

MARGERY S. BRONSTER      4750
SUNNY S. LEE             8532
KELLY A. HIGA            9556
1003 Bishop Street, Suite 2300
Honolulu, Hawaiʻi  96813
Telephone: (808) 524-5644
Facsimile:  (808) 599-1881
Email:  mbronster@bfrhawaiʻi.com
        slee@bfrhawaiʻi.com
        khiga@bfrhawaiʻi.com

Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>      Plaintiff,<br><br>  vs.<br><br>HAWAIYA TECHNOLOGIES, INC., a Hawaiʻi corporation; PAUL SCHULTZ, an individual; MUN-WON CHANG, an individual; PAUL SCHULTZ, as Co-Trustee of the Paul S. Schultz Revocable Trust; MUN-WON CHANG, as Co-Trustee of the Paul S. Schultz Revocable Trust; PAUL SCHULTZ, as Co-Trustee | CIVIL NO._____<br>(Contract)<br><br>COMPLAINT |

of the Mun-Won Chang Revocable Trust; MUN-WON CHANG, as Co-Trustee of the Mun-Won Chang Revocable Trust; DEBORAH P. SIMCOX, as Trustee of the Jane Won-Im Chang Revocable Trust,

    Defendants.

## COMPLAINT

  Plaintiff LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual"), by and through its attorneys, Bronster Fujichaku Robbins, alleges and avers as follows:

## PARTIES

  1. Liberty Mutual is, and at all times mentioned herein was, a corporation duly organized and existing under the laws of the State of Massachusetts. Liberty Mutual is authorized to do business in the State of Hawaiʻi.

  2. Defendant Hawaiya Technologies, Inc. ("HTI") is, and at all times relevant herein was, a Hawaiʻi corporation duly organized and existing under the laws of the State of Hawaiʻi, whose principal place of business is in the City and County of Honolulu, State of Hawaiʻi.

3. Defendant Paul Schultz is, and at all times relevant herein was, a resident of the State of Hawai'i and a resident of the City and County of Honolulu.

4. Defendant Mun-Won Chang is, and at all times relevant herein was, a resident of the State of Hawai'i and a resident of the City and County of Honolulu.

5. Defendant Paul Schultz, as co-trustee of the Paul S. Schultz Revocable Trust, dated January 21, 2015 ("Schultz Trust") is, and at all times relevant herein was, a resident of the State of Hawai'i and a residing in the City and County of Honolulu.

6. Defendant Mun-Won Chang, as co-trustee of the Schultz Trust, and at all times relevant herein was, a resident of the State of Hawai'i and a residing in the City and County of Honolulu.

7. Defendant Paul Schultz, as co-trustee of the Mun-Won Chang Revocable Trust, dated January 21, 2015 ("Chang Trust") is, and at all times relevant herein was, a resident of the State of Hawai'i and a residing in the City and County of Honolulu.

8. Defendant Mun-Won Chang, as co-trustee of the Chang Trust is, and at all times relevant herein was, a resident of the State of Hawai'i and a residing in the City and County of Honolulu.

9. Upon information and belief, Defendant Deborah P. Simcox, as Trustee of the Jane Won-Im Chang Revocable Trust, dated August 5, 2018 ("Jane Trust") is a resident of the State of California and residing in the City and County of San Diego.

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Liberty Mutual and Defendants are citizens of different states and the amount in controversy, exclusive of costs and interest, is in excess of $75,000.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Substantially all of the events and circumstances giving rise to this action took place in this judicial district.

## FACTS

12. On October 25, 2018, Liberty Mutual filed a complaint against Defendants HTI, Paul Schultz, individually and as Co-Trustee of the Schultz Trust, Chang Trust and the Jane Trust, Mun Won Chang, individually and as Co-Trustee of the Schultz Trust, Chang Trust and the Jane Trust in the United States District Court for the District of Hawai'i in Case No. 18-cv-00410-HG-RLP (2018 Lawsuit).

13. Jane Won-Im Chang as Co-Trustee of the Jane Trust was also named as a defendant in the 2018 Lawsuit. However, during the pendency of the 2018 lawsuit, Defendant Deborah Simcox replaced Jane Won-Im Chang as the successor trustee of the Jane Trust.

14. The 2018 Lawsuit was brought by Liberty Mutual against Defendants HTI, Paul Schultz, and Mun Won Chang, individually and as Co-Trustees of the Schultz Trust and Chang Trust (collectively "HTI Defendants") related to their failure and refusal to exonerate or indemnify Liberty Mutual against any and all liabilities for losses, fees, costs and expenses of whatever kind of nature arising out of claims made against surety bonds issued by Liberty Mutual on behalf of HTI Defendants pursuant to a General Indemnity of Agreement, as amended (collectively "GAI").

15. The 2018 Lawsuit also included a claim of fraudulent transfer of assets against HTI Defendants and the Jane Trust.

16. HTI Defendants and the Jane Trust were represented by counsel during the entirety of the 2018 Lawsuit.

17. Trial was scheduled to commence on April 20, 2021 in the 2018 Lawsuit.

18. As part of the 2018 Lawsuit, the parties participated in numerous settlement conferences with the Court and private mediation with the Honorable Riki May Amano (ret.).

19. On February 17, 2021, a settlement conference was held with Magistrate Judge Wes Reber Porter.

20. The parties with their counsel and with the assistance of the Court were able to reach a settlement. The key terms of the settlement were placed on the record on February 17, 2021.

21. The Court found that the parties entered into a valid and enforceable settlement agreement.

22. On April 26, 2021, the parties entered into a binding and enforceable written Settlement Agreement.

23. Pursuant to Section 1 of the Settlement Agreement, HTI Defendants agreed to pay Liberty Mutual Two Million Dollars ($2,000,000) by December 31, 2021. HTI Defendants further agreed that if it did not pay all of the $2,000,000 by December 31, 2021, that they would pay Liberty Mutual $2,100,000 by March 31, 2022. HTI Defendants further agreed that if Defendant failed to pay all of the $2,100,000 by March 31, 2022, HTI Defendants would pay Liberty Mutual $2,200,000 by June 30, 2022.

24. Pursuant to Section 2 of the Settlement Agreement, in addition to the promises to pay, Defendants, including HTI Defendants and Deborah Simcox as Trustee of the Jane Trust, executed a stipulated judgment in favor of Liberty Mutual in the amount of $2,200,000. The stipulated judgment was attached as Exhibit "A" to the Settlement Agreement.

25. Pursuant to Section 2 of the Settlement Agreement, Liberty Mutual agreed not to enforce, record or file the Stipulated Judgment until after June 30, 2022. Defendants also agreed that if they failed to pay the amounts as set forth in Section 1 of the Settlement Agreement, then Liberty Mutual will have the right to enforce, file and/or record the Stipulated Judgment and Defendants shall be responsible

26. Pursuant to Section 5 of the Settlement Agreement, Defendants further agreed that interest at a rate of 5% per annum would accrue on all amounted owed by Defendants to Liberty Mutual as of July 1, 2022 and would then increase to 10% per annum will accrue on any unpaid amounts after the Stipulated Judgment has been filed with any court of competent jurisdiction.

27. Pursuant to Section 3 of the Settlement Agreement, In exchange for Defendants agreement to pay Liberty Mutual, as set forth above, Liberty Mutual agreed to dismiss the 2018 Lawsuit and the parties agreed to dismiss and release each other from any and all claims related to the General Agreement of Indemnity and the Lawsuit, except as set forth in the Settlement Agreement.

28. Pursuant to Section 6 of the Settlement Agreement, Defendants agreed to the recordation of liens against five separate real properties owned by Defendants to reflect the amounts owed under the Settlement Agreement to Liberty Mutual.

29. Pursuant to Section 7 of the Settlement Agreement, Liberty Mutual and Defendants agreed to execute a Stipulation for Dismissal With Prejudice of the 2018 Lawsuit.

30. Pursuant to Section 10 of the Settlement Agreement, the parties to the Settlement Agreement expressly warranted and represented that each party was executing the Settlement Agreement of their own free will and that the party had the opportunity to review with counsel of their choice the Settlement Agreement to obtain independent legal advice.

31. Pursuant to Section 17 of the Settlement Agreement, the parties agreed that "[t]he prevailing party in any dispute related to this Settlement Agreement shall be entitled to its/his/her reasonable attorneys' fees and costs."

32. Liberty Mutual complied with all of its obligations under the Settlement Agreement and dismissed all of its claims against Defendants.

33. On May 20, 2021, a Stipulation for Dismissal with Prejudice As to All Claims and All Parties was filed in the 2018 Lawsuit as Docket. No. 176.

34. On June 28, 2022, the parties, through counsel, agreed to amend the terms of the Settlement Agreement by way of email agreement ("Amendment to Settlement Agreement").

35. Under the Amendment to Settlement Agreement, Liberty Mutual agreed to release it lien as to the real property located at 1655 Makaloa Street, Apt. 1616, Honolulu, Hawaii 96814, TMK No. (1) 2-3-022-52 CPR No. 0232, Defendants agreed to pay $50,000 from the sale of the Makaloa Property to Liberty Mutual would not reduce the amounts owed to Liberty Mutual. Defendants also agreed that interest of 10% per annum would begin on July 1, 2022

on any amounts owed under the Settlement Agreement at that time. Defendants further agreed that it would pay Liberty Mutual $2,200,000 on or before September 30, 2022 and Liberty Mutual agreed not to file or record the Stipulated Judgment and take any collection efforts until after September 30, 2022.

36. Liberty Mutual performed all of its obligations under the Amendment to Settlement Agreement.

37. Defendants did pay $50,000 to Liberty Mutual after the sale of the Makaloa Property but have failed to make the $2,200,000 payment on or before September 30, 2022.

38. Defendants are in breach of the Settlement Agreement and Amendment to Settlement Agreement by failing to pay Liberty Mutual all amounts owed, including interest of 10% per annum from July 1, 2022.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

39. Liberty Mutual incorporates by reference all of the above preceding paragraphs as if fully set forth herein.

40. The Settlement Agreement and Amendment to Settlement Agreement are binding enforceable contracts.

41. Defendants have breached the Settlement Agreement and Amendment to Settlement Agreement by failing to pay Liberty Mutual $2,200,000 and interest of 10% per annum starting on July 1, 2022.

42. Despite repeated demands, Defendants have refused and/or failed to pay the amounts owed under the Settlement Agreement.

43. Liberty Mutual has performed all of the terms, covenants, and conditions on its part under the terms of the Settlement Agreement and Amendment to Settlement Agreement.

44. Defendants' failure to pay the amounts as set forth in the Settlement Agreement and Amendment to Settlement Agreement is a breach of that contract and Liberty Mutual is entitled to judgment against Defendants in the amount of $2,200,000 and interest of 10% per annum starting on July 1, 2022, and its reasonable attorneys' fees in cost in pursuing collection of the amounts owed under the Settlement Agreement and Amendment to Settlement Agreement, and all such additional remedies as the Court deems proper.

## SECOND CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

45. Liberty Mutual incorporates by reference all of the preceding paragraphs as if fully set forth herein.

46. Under Hawai'i law, every contract contains an implied covenant of good faith and fair dealing in its performance and enforcement.

47. The Settlement Agreement, and as amended by the Amendment to Settlement Agreement, is a valid enforceable contract between Liberty Mutual and Defendants.

48. Defendants breached the Settlement Agreement and the covenant of good faith and fair dealing to Liberty Mutual by failing to fulfill their obligations under the Settlement Agreement, including failing to pay amounts when due to Liberty Mutual.

49. As a result of HTI Defendants' breach of the Settlement Agreement and Amendment to Settlement Agreement, Liberty Mutual has been damaged.

50. As a result of HTI Defendants' breach of the Settlement Agreement as amended by the Amendment to Settlement

Agreement, Liberty Mutual is entitled to damages in an amount to be proven at trial or other hearing.

## PRAYER FOR RELIEF

WHEREFORE, Liberty Mutual prays for judgment against the Defendants as follows:

A. That Defendants are in breach of the Settlement Agreement and the Amendment to Settlement Agreement;

B. For damages, including general, compensatory, and special damages, if any;

C. For attorneys' fees and costs;

D. Prejudgment interest; and

E. Any other relief as the Court deems just and equitable.

DATED: Honolulu, Hawai'i, March 3, 2023.

    /s/ Margery S. Bronster
MARGERY S. BRONSTER
SUNNY S. LEE
KELLY A. HIGA

Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY