UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, A MASSACHUSETTS CORPORATION;<br><br>        Plaintiff,<br><br>    vs.<br><br>HAWAIYA TECHNOLOGIES, INC., A HAWAII CORPORATION; PAUL SCHULTZ, AN INDIVIDUAL; MUN-WON CHANG, AN INDIVIDUAL; PAUL SCHULTZ, AS CO-TRUSTEE OF THE PAUL S. SCHULTZ REVOCABLE TRUST; MUN-WON CHANG, AS CO-TRUSTEE OF THE PAUL S. SCHULTZ REVOCABLE TRUST; PAUL SCHULTZ, AS CO-TRUSTEE OF THE MUN-WON CHANG REVOCABLE TRUST; MUN-WON CHANG, AS CO-TRUSTEE OF THE MUN-WON CHANG REVOCABLE TRUST; AND DEBORAH P. SIMCOX, AS TRUSTEE OF THE JANE WON-IM CHANG REVOCABLE TRUST;<br><br>        Defendants. | CIV. NO. 23-00117 LEK-KJM |

**ORDER GRANTING PLAINTIFF/COUNTER DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS DEFENDANTS HAWAIYA TECHNOLOGIES, INC., PAUL SCHULTZ, AND MUN-WON CHANG'S COUNTERCLAIM, FILED APRIL 24, 2023**

Before the Court is Plaintiff/Counter Defendant Liberty Mutual Insurance Company's ("Liberty Mutual") Motion to Dismiss Defendants Hawaiya Technologies, Inc., Paul Schultz, and Mun-Won Chang's Counterclaim, Filed April 24, 2023 [ECF No. 20] ("Motion"), filed on April 27, 2023. [Dkt. no. 25.]

Defendants/Counter Claimants Hawaiya Technologies, Inc. ("HTI"), Paul Schultz, both individually and as Co-Trustee of the Paul S. Schultz Revocable Trust and Co-Trustee of the Mun-Won Chang Revocable Trust ("Schultz"), and Mun-Won Chang, both individually and as Co-Trustee of the Paul S. Schultz Revocable Trust and Co-Trustee of the Mun-Won Change Revocable Trust ("Chang" and all collectively "the HTI Defendants"), filed their memorandum in opposition on May 17, 2023. [Dkt. no. 34.] Liberty Mutual filed its reply on May 31, 2023. [Dkt. no. 35.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Liberty Mutual's Motion is hereby granted for the reasons set forth below.

## BACKGROUND

Liberty Mutual filed its Complaint on March 3, 2023. [Dkt. no. 1.] The HTI Defendants filed their Counterclaim Against Plaintiff on April 6, 2023 ("Counterclaim"). [Dkt. no. 20 at pgs. 4-13.[1]] The HTI Defendants allege Liberty Mutual, through a subdivision, "issued subcontract performance and payment bonds on behalf of HTI in connection with" a

---

[1] The HTI Defendants filed their answer and Counterclaim in the same document.

2

construction project at Halawa Correctional Facility regarding "Security Electronics & Hardware Repairs & Improvements ('Halawa Project') performed in the State of Hawai`i." [Counterclaim at ¶ 4.] The HTI Defendants further allege that, "[a]s partial consideration for Liberty Mutual's agreement to furnish the bonds on behalf of HTI[,]" the HTI Defendants "executed and entered into a General Agreements of Indemnity (collectively the '[Indemnity Agreement]')." [Id. at ¶ 5.] Once the Indemnity Agreement was executed, HTI requested and Liberty Mutual issued a subcontract performance bond ("Performance Bond") and subcontract payment bond ("Payment Bond"), "which named the Obligee as BCP Construction of Hawaii, Inc. ('BCP') for the Halawa Project, each in the penal sum of $3,004,206.00 (collectively the 'Bonds'). The Bonds were issued on or about March 18, 2016." [Id. at ¶ 6.]

On October 20, 2015, the State of Hawai`i, Department of Accounting and General Services ("DAGS") awarded BCP with a general contract to work on the Halawa Project ("General Contract") worth $9,751,064. [Id. at ¶ 7.] On April 27, 2016, BCP and HTI entered into a subcontract for the Halawa Project ("Subcontract") worth $3,004,206. [Id. at ¶ 8.] On May 9, 2018, "BCP contacted Liberty Mutual related to making a demand on the Performance Bond." [Id. at ¶ 9.] On May 12, 2018, "BCP unilaterally declared HTI in default of the Subcontract." [Id.

3

at ¶ 10.]  On May 15, 2018, "BCP terminated HTI from the [Halawa] Project."  [Id. at ¶ 11.]  The HTI Defendants state HTI was not informed that it was terminated based on the Subcontract provision related to termination for default, *i.e.*, Article 13 of the Subcontract.  Rather, HTI was purportedly informed that its termination was based on the Subcontract provision related to termination for convenience, *i.e.*, Article 14 of the Subcontract.  See id.  Due to the termination, "BCP through Travelers Insurance [('Travelers')], demanded that Liberty Mutual perform under the Performance Bond."  [Id.]

On October 25, 2018, Liberty Mutual initiated a lawsuit against the HTI Defendants in this district court, Liberty Mutual Insurance Co. v. Hawaiya Technologies, Inc., et al., CV 18-00410 HG-RLP ("the 2018 Lawsuit").  [Id. at ¶ 13.]  On April 26, 2021, Liberty Mutual and the HTI Defendants reached a written settlement agreement in the 2018 Lawsuit ("Settlement Agreement").  See id. at ¶ 16.  The HTI Defendants allegedly entered into the Settlement Agreement based on the following representations:

-The HTI Defendants would pay Liberty Mutual $2,000,000 by December 31, 2021.  [Id.]

-If the HTI Defendants did not pay all of the $2,000,000 by December 31, 2021, they would pay Liberty Mutual $2,100,000 by March 31, 2022.  [Id.]

-If the HTI Defendants did not pay all of the $2,100,000 by March 31, 2022, they would pay Liberty Mutual $2,200,000 by June 30, 2022.  [Id.]

-The HTI Defendants' payments were based on payments that Liberty Mutual made to Travelers under the Performance Bond, and Liberty Mutual was obligated to pay Travelers because Travelers issued a separate bond BCP's behalf related to the Halawa Project.  [Id. at ¶¶ 15-16.]

The HTI Defendants also allege that, during discovery in the 2018 Lawsuit, Mutual Liberty failed to produce redline drawings and final drawings related to the claimed defective work on the Halawa Project.  They state the documents were not produced by the time that the Settlement Agreement was finalized.  See id. at ¶ 17.  The HTI Defendants also state that previous iterations of the Subcontract included consequential damages but were removed in the final version at Liberty Mutual's request.  See id. at ¶ 18.

The HTI Defendants allege Liberty Mutual failed to disclose pertinent and material information and Liberty Mutual knew or should have known the failure to disclose such information would induce the HTI Defendants to enter into the Settlement Agreement.  Specifically, they state: (1) before entering into the Settlement Agreement, Mutual Liberty failed to give the HTI Defendants the redline drawings and final drawing related to the Subcontract; (2) Mutual Liberty calculated the amount of damages paid to Travelers by including consequential damages, even though consequential damages were not a part of

5

the Subcontract; and (3) the HTI Defendants were led to believe that BCP terminated them under the termination of convenience clause of the Subcontract and not under the termination for default clause. See id. at ¶ 19. The HTI Defendants seek recission of the Settlement Agreement ("Count I") and damages ("Count II"). See id. at ¶¶ 20-32.

## DISCUSSION

The two claims that the HTI Defendants allege – recission and damages – are not claims but remedies. See Newcomb v. Cambridge Home Loans, Inc., 861 F. Supp. 2d 1153, 1164 (D. Hawai`i 2012) (stating that, under Hawai`i law, "[r]ecission . . . is a remedy and not an independent cause of action . . . ." (citing Bischoff v. Cook, 118 Hawai`i 154, 185 P.3d 902, 911 (Haw. App. 2008))); Ross v. Stouffer Hotel Co. (Haw.), 76 Haw. 454, 466, 879 P.2d 1037, 1049 (1994) (acknowledging that, under Hawai`i law, "a claim for punitive damages is not an independent [cause of action], but is purely incidental to a separate cause of action." (citation omitted)). Thus, to the extent that Counts I and II are alleged to be independent causes of action, they necessarily fail and must be dismissed. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation

6

marks omitted)).[2]  The dismissal of Counts I and II, however, is without prejudice because it may be possible for the HTI Defendants to cure the defects by amendment.  See Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." (citation and quotation marks omitted)).

Even if the Court were to consider the underlying allegations supporting Counts I and II, the Counterclaim does not survive dismissal.  The HTI Defendants seek recission and damages related to Liberty Mutual's alleged failure to disclose material information when negotiating the Settlement Agreement.  Accordingly, The HTI Defendants appear to plead a fraud claim.

"The elements of fraud are: (1) false representations made by the defendant; (2) with knowledge of their falsity (or without knowledge of their truth or falsity); (3) in contemplation of plaintiff's reliance upon them; and (4) plaintiff's detrimental reliance." Goran Pleho, LLC v. Lacy, 144 Hawai`i 224, 239, 439 P.3d 176, 191 (2019) (quotation

---

[2] Federal courts analyze motions to dismiss a counterclaim under the same standard as motions to dismiss a complaint.  See, e.g., Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) ("to be entitled to the presumption of truth, allegations in a complaint **or counterclaim** may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" (emphasis added)).

marks and citation omitted). "Where there is a duty to exercise reasonable care to disclose a matter in question, failure to disclose the matter is considered a false representation for purposes of the fraud analysis." Id. (citation omitted).

Moreover, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To comply with Rule 9(b), "[t]he complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." In re Finjan Holdings, Inc., 58 F.4th 1048, 1057 (9th Cir. 2023) (quotation marks and citation omitted). Put another way, "[p]articularity includes the who, what, when, where, and how of the misconduct charged, including what is false or misleading about a statement, and why it is false." Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1145 (9th Cir. 2021) (brackets, citation, and internal quotation marks omitted).

Here, even accepting the allegations as true, the HTI Defendants fail to allege Mutual Liberty owed them a duty to exercise reasonable care to disclose the information at issue. They also do not plead that Mutual Liberty breached its duty in not disclosing the information. Moreover, the HTI Defendants do not allege with particularity the circumstances constituting fraud. For instance, although they allege "Liberty Mutual knew,

8

or should have known, that by not disclosing these pertinent facts that the [HTI Defendants] would be induced to enter into the [Settlement] Agreement," see Counterclaim at ¶ 31, they do not allege how Liberty Mutual knew or should have known to disclose the information. Without such allegations, fraud is not plausibly pleaded with particularity.

As to the redline or final drawings, the HTI Defendants do not allege why or how Liberty Mutual's purported failure to produce the drawings was fraudulent. The HTI Defendants also fail to allege that, had they received the drawings, they would not have entered into the Settlement Agreement. That is, there are not sufficient allegations concerning detrimental reliance.

The same analysis applies to the HTI Defendants' allegations related to Liberty Mutual's calculation of damages. Further, they do not allege they actually paid the purported miscalculated amount provided by Mutual Liberty. The calculation of damages was allegedly based on the amount BCP paid to Travelers and, thus, the HTI Defendants fail to allege whether the calculated amount was the accurate amount paid by BCP. There are not enough facts alleged to plead a plausible fraud claim related to the calculation of damages.

Finally, as to the HTI Defendants' termination, they fail to allege why "they were led to believe that they were

9

terminated by BCP under" one provision of the Subcontract over another.  See Counterclaim at ¶ 19.  They do not allege Mutual Liberty engaged in any specific conduct related to the termination.  Importantly, the HTI Defendants allege BCP – not Mutual Liberty - terminated them under the Subcontract.

Accordingly, in light of the HTI Defendants' failure to allege sufficient facts to plausibly allege a fraud claim against Mutual Liberty, the Counterclaim must be dismissed.  See Iqbal, 556 U.S. at 678.  The Counterclaim's dismissal, however, is without prejudice because it may be possible for the HTI Defendants to cure the defects by amendment.  See Hoang, 910 F.3d at 1102.

## CONCLUSION

For the foregoing reasons, Liberty Mutual's Motion to Dismiss Defendants Hawaiya Technologies, Inc., Paul Schultz, and Mun-Won Chang's Counterclaim, Filed April 24, 2023 [ECF No. 20], filed April 27, 2023, is HEREBY GRANTED.  The HTI Defendants' Counterclaim is DISMISSED WITHOUT PREJUDICE, and they are GRANTED leave to file their amended counterclaim by **August 28, 2023**.  The HTI Defendants' leave to amend is limited to addressing the defects addressed in this Order.

IT IS SO ORDERED.

10

DATED AT HONOLULU, HAWAII, July 13, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LIBERTY MUTUAL INSURANCE COMPANY VS. HAWAIYA TECHNOLOGIES, INC., ET AL.; CV 23-00117 LEK-KJM; ORDER GRANTING PLAINTIFF/COUNTER DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS DEFENDANTS HAWAIYA TECHNOLOGIES, INC., PAUL SCHULTZ, AND MUN-WON CHANG'S COUNTERCLAIM, FILED APRIL 24, 2023**