UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, A MASSACHUSETTS CORPORATION;<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIYA TECHNOLOGIES, INC., A HAWAII CORPORATION; PAUL SCHULTZ, AN INDIVIDUAL; MUN-WON CHANG, AN INDIVIDUAL; PAUL SCHULTZ, AS CO-TRUSTEE OF THE PAUL S. SCHULTZ REVOCABLE TRUST; MUN-WON CHANG, AS CO-TRUSTEE OF THE PAUL S. SCHULTZ REVOCABLE TRUST; PAUL SCHULTZ, AS CO-TRUSTEE OF THE MUN-WON CHANG REVOCABLE TRUST; MUN-WON CHANG, AS CO-TRUSTEE OF THE MUN-WON CHANG REVOCABLE TRUST; AND DEBORAH P. SIMCOX, AS TRUSTEE OF THE JANE WON-IM CHANG REVOCABLE TRUST;<br><br>Defendants. | CIV. NO. 23-00117 LEK-KJM |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF/COUNTER DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S
MOTION TO DISMISS DEFENDANTS HAWAIYA TECHNOLOGIES, INC.,
PAUL SCHULTZ, AND MUN-WON CHANG'S FIRST
<u>AMENDED COUNTERCLAIM, FILED AUGUST 28, 2023 [DKT. NO. 37.]</u>**

Before the Court is Plaintiff/Counter Defendant Liberty Mutual Insurance Company's ("Liberty Mutual") Motion to Dismiss Defendants Hawaiya Technologies, Inc., Paul Schultz, and Mun-Won Chang's First Amended Counterclaim, Filed August 28, 2023 [Dkt. No. 37.] ("Motion"), filed on September 11, 2023.

[Dkt. no. 38.]  Defendants Hawaiya Technologies, Inc. ("HTI"); Paul Schultz, both individually and as Co-Trustee of the Paul S. Schultz Revocable Trust and as Co-Trustee of the Mun-Won Chang Revocable Trust ("Schultz"); and Mun-Wong Chang, individually and as Co-Trustee of the Paul S. Schultz Revocable Trust and as Co-Trustee of the Mun-Won Chang Revocable Trust ("Chang" and all collectively "the HTI Defendants"), filed their memorandum in opposition on October 6, 2023.  [Dkt. no. 40.]  On October 13, 2023, Liberty Mutual filed their reply.  [Dkt. no. 28.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Liberty Mutual's Motion is hereby granted in part and denied in part to the extent that the First Amended Counterclaim failed to cure the defect concerning detrimental reliance, and is denied in that the HTI Defendants will be permitted one last opportunity to amend.

BACKGROUND

Liberty Mutual filed its Complaint on March 3, 2023. [Dkt. no. 1.]  On April 6, 2023, the HTI Defendants filed their Counterclaim Against Plaintiff ("Counterclaim").  [Answer to Plaintiff's Complaint Filed on March 3, 2023, filed 4/6/23 (dkt. no. 20), at pgs. 4-13.]  On July 13, 2023, this Court issued an order granting Liberty Mutual's motion to dismiss the

2

Counterclaim and granting leave to file an amended counterclaim by August 28, 2023 ("7/13 Order"). [Dkt. no. 36.[1]] On August 28, 2023, the HTI Defendants filed their First Amended Counterclaim Against Plaintiff ("First Amended Counterclaim"). [Dkt. no. 37.] It asserts a single claim for fraud or detrimental reliance. [Id. at pg. 8.]

Many of the factual allegations in the First Amended Counterclaim repeat the allegations in the original Counterclaim. Compare Counterclaim at ¶¶ 4-11, 13, 15-16, with First Amended Counterclaim at ¶¶ 4-11, 13, 15, 20. The First Amended Counterclaim expands upon the allegation in the original Counterclaim that, during discovery in the prior action between Liberty Mutual and the HTI Defendants, Liberty Mutual failed to produce to the HTI Defendants redline and final drawings related to the allegedly defective work on the project.[2] Compare Counterclaim at ¶ 17, with First Amended Counterclaim at ¶¶ 16-19.

During the 2018 Lawsuit, HTI served Liberty Mutual with Defendant Hawaiya Technologies Inc.'s First Request for

---

[1] The 7/13 Order is also available at 2023 WL 4534421.
[2] The prior action was Liberty Mutual Insurance Co. v. Hawaiya Technologies, Inc., et al., CV 18-00410 HG-RLP ("the 2018 Lawsuit"), [Counterclaim at ¶ 13,] and the project at issue in the 2018 Lawsuit was a construction project at the Halawa Correctional Facility regarding "Security Electronics & Hardware Repairs & Improvements ("Halawa Project"), [id. at ¶ 4].

3

Answers to Interrogatories and First Request for Production of Documents to Plaintiff in March 2019 ("March 2019 Discovery Request"). [First Amended Counterclaim at ¶ 16.] The March 2019 Discovery Request asked for "Documents" and "electronically stored information" as these terns are defined in Fed. R. Civ. P. 34. [Id.] Document Request No. 2 of the March 2019 Discovery Request asked Liberty Mutual to "[p]roduce all documents that support your conclusion in the Claim Determination Letter that HTI failed to timely address the issue of incorrectly installed couplings." [Id. at ¶ 17.] The HTI Defendants allege the issue of incorrectly installed couplings was "at the heart of the claimed 'defective work' on the Halawa Project[, and] HTI installed the couplings based upon designs given to them, which Liberty Mutual asserted were installed incorrectly." [Id. at ¶ 18.] The HTI Defendants allege the drawings requested in the March 2019 Discovery Request included drawings of the couplings. They allege Liberty Mutual responded to the March 2019 Discovery Request on May 17, 2019, and produced drawings of couplings that were the original design – not the final or redline drawings. [Id. at ¶¶ 18-19.] The HTI Defendants also allege that, at the time of the April 26, 2021 agreement between Liberty Mutual and the HTI Defendants to settle the 2018 Lawsuit ("Settlement Agreement"), HTI believed the final design for the couplings were what was produced in

4

response to the March 2019 Discovery Request, and the HTI Defendants were not given the redline or final drawings at that time.  [Id. at ¶¶ 21-22.]

They further allege Liberty Mutual: had a duty to produce documents pursuant to the March 2019 Discovery Request that were correct and responded to the request; produced a set of drawings that were not the redline or final drawings in the Subcontract; concealed from HTI the redline or final drawings in the discovery process; knew HTI would rely on the drawings produced; and knew or should have known they did not produce the final drawings.  [Id. at ¶¶ 24-29.]  Because HTI was not involved in the redesign or the review or execution of the redline or final drawings, the HTI Defendants were unaware these drawings existed.  Therefore, they allege HTI relied upon the drawings Liberty Mutual produced when they entered into the 2021 Settlement Agreement.  As such, the HTI Defendants allege Liberty Mutual committed fraud, HTI detrimentally relied on Liberty Mutual's misrepresentations, and HTI suffered damages as a result.  [Id. at ¶¶ 30-32.]  The HTI Defendants seek recission of the Settlement Agreement, damages, attorney's fees and costs incurred in the litigation of the counterclaim, and any other appropriate relief.  [Id. at pgs. 10-11.]

In its Motion, brought pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), Liberty Mutual contends the HTI

Defendants' First Amended Counterclaim must be dismissed with prejudice because it fails to allege fraud with specificity and fails to state a claim upon which relief can be granted. [Motion, Mem. in Supp. at 1-2.]

## DISCUSSION

### I. Incorporation by Reference

Preliminarily, the HTI Defendants contend that, because Liberty Mutual attached an exhibit – a discovery request – to its Motion, the Motion is converted from a motion to dismiss into a motion for summary judgment. [Mem. in Opp. at 3, 5-7.] Attached to the Motion is Exhibit 1, HTI's First Request for Answers to Interrogatories and First Request for Production of Documents to Plaintiff, dated March 25, 2019. [Motion, Decl. of Sunny S. Lee ("Lee Decl."), Exh. 1.] This appears to be the same March 2019 discovery request at issue in the First Amended Counterclaim, although the First Amended Counterclaim states the request is dated March 20, 2019, while Exhibit 1 is dated March 25, 2019. Compare First Amended Counterclaim at ¶¶ 16-18 with Lee Decl., Exh. 1 at PageID.220.

As a general rule, this Court's scope of review in considering a Rule 12(b)(6) motion to dismiss is limited to the allegations in the pleading. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018). If the district court considers materials beyond the pleadings, "the

6

12(b)(6) motion converts into a motion for summary judgment under [Fed. R. Civ. P.] 56," and "both parties must have the opportunity 'to present all the material that is pertinent to the motion.'" Id. (citing and quoting Fed. R. Civ. P. 12(d)). However, a district court can consider materials beyond the pleadings without converting the motion to dismiss into a motion for summary judgment if either the incorporation by reference doctrine or Fed. R. Evid. 201 judicial notice applies.  Id.

> [I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken-or doom-their claims. Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in* Abrego v. Dow Chem. Co., 443 F.3d 676, 681–82 (9th Cir. 2006) (observing "the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based").
>
> Although the doctrine is straightforward in its purpose, it is not always easy to apply.  In Ritchie, we said that a defendant may seek to incorporate a document into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  [United States v.] Ritchie, 342 F.3d [903,] 907 [(9th. Cir. 2003)]. . . .

Id. at 1002.  The Court finds that Exhibit 1 is the March 2019 Discovery Request and that the discovery request is incorporated by reference into the First Amended Counterclaim because it is

7

referred to extensively in the counterclaim, it forms the basis of the counterclaim, and the HTI Defendants do not dispute the authenticity of the March 2019 Discovery Request. See, e.g., Chung v. Intellectsoft Grp. Corp., Case No. 21-cv-03074-JST, 2023 WL 5615456, at *2 (N.D. Cal. Aug. 30, 2023) (finding invoices incorporated by reference into a counterclaim). Therefore, the Court's consideration of the March 2019 Discovery Request does not convert the Motion into a motion for summary judgment.

## II. Sufficiency of Fraud Allegations

The elements of a fraud claim and the requirements to satisfy the Fed. R. Civ. P. 9(b) pleading standard are identified in the 7/13 Order and will not be repeated here. See 7/13 Order, 2023 WL 4534421, at *3 (quoting Goran Pleho, LLC v. Lacy, 144 Hawai`i 224, 239, 439 P.3d 176, 191 (2019)); id. (quoting In re Finjan Holdings, Inc., 58 F.4th 1048, 1057 (9th Cir. 2023); Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1145 (9th Cir. 2021)).  In the 7/13 Order, this Court found the HTI Defendants did not sufficiently plead fraud because, among other things, the HTI Defendants (1) did not allege why or how Liberty Mutual's purposed failure to produce the drawings was fraudulent, and (2) did not allege that if the HTI Defendants had received the redline or final drawings, they would not have entered into the Settlement Agreement. Id.  In its Motion,

Liberty Mutual contends the HTI Defendants' allegations are still inadequate to plead fraud because the HTI Defendants failed to: (1) allege with specificity why or how Liberty Mutual's purported failure to produce the drawings was fraudulent; and (2) allege that, had the HTI Defendants received the drawings, they would not have entered into the settlement agreement.  [Motion, Mem. in Supp. at 14-15.]

Regarding the first argument, Liberty Mutual contends the HTI Defendants failed to allege fraud with specificity because: (1) the HTI Defendants do not allege when the final drawings were completed, meaning they may not have existed on June 26, 2018 (the date specified in the discovery request), [id. at 11-12,] or on April 26, 2021 (the date of the settlement agreement), [id. at 12-13]; and (2) the HTI Defendants do not allege Liberty Mutual had the redline or final drawings in their possession, which is important because Liberty Mutual did not create the drawings, [id. at 13].  Liberty Mutual contends that, because the final drawings were produced to HTI in litigation with BCP and Travelers, the HTI Defendants knew when the final drawings were completed.  [Id. at 11; First Amended Counterclaim at ¶ 26.]

Liberty Mutual is correct that the HTI Defendants do not adequately allege fraud based on the March 2019 Discovery Request because the HTI Defendants do not allege reliance with

9

specificity.  Circumstances constituting fraud "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotation marks omitted).

As to Liberty Mutual's contention that the HTI Defendants failed to adequately allege that, had they received the redline or final drawings, they would not have entered into the settlement agreement, Liberty Mutual is correct.  This Court previously noted "[t]he HTI Defendants also fail to allege that, had they received the drawings, they would not have entered into the Settlement Agreement.  That is, there are not sufficient allegations concerning detrimental reliance."  7/13 Order, 2023 WL 4534421, at *3.  This defect persists in the First Amended Counterclaim: the HTI Defendants do not allege that they would not have entered into the Settlement Agreement had they received the final and/or redline drawings.  Instead, the allegations of reliance remain conclusory.  See First Amended Counterclaim at ¶¶ 27, 30-32; Nakamoto v. Hartley, 758 F. Supp. 1357, 1365 (D. Hawai`i 1991) ("Like the other elements of fraud, justifiable reliance must be pled with particularity." (citation omitted)).

10

However, the First Amended Counterclaim does plead with particularity why or how Liberty Mutual's failure to produce the drawings was fraudulent. The HTI Defendants have alleged Liberty Mutual's failure to adequately respond to the March 2019 Discovery Request, and has identified the specific portion of the discovery request that is the basis for this claim. [First Amended Counterclaim at ¶¶ 16-19.] While the HTI Defendants failed to attach the March 2019 Discovery Request as an exhibit to the First Amended Counterclaim, and thus failed to include the definition of "Claim Determination Letter" raised in Document Request No. 2, see id. at ¶ 19, the entire March 2019 Discovery Request is incorporated by reference into the First Amended Counterclaim, as determined *supra* Section I. The HTI Defendants also specify what is missing in Liberty Mutual's Response to the March 2019 Discovery Request: the as-built or redline drawings. [First Amended Counterclaim at ¶ 19.] The HTI Defendants need not allege the date these redline drawings were completed, nor that Liberty Mutual had these drawings in their possession. The allegations in the First Amended Counterclaim are "specific enough to give [Liberty Mutual] notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." See Bly-Magee, 236 F.3d at 1019.

11

Because the reliance element of fraud is not pled with particularity, the HTI Defendant's First Amended Counterclaim fails to plead a plausible fraud claim and must be dismissed. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)).  The HTI Defendants represent that they have "done additional investigation" and therefore ask that they be allowed to amend their counterclaim. [Mem. in Opp. at 3.]  The HTI Defendants were specifically instructed by this Court that their allegations concerning detrimental reliance were insufficient, see 7/13 Order, 2023 WL 4534421, at *3, and the HTI Defendants failed to cure this defect when they filed the First Amended Counterclaim.  However, because it is possible for the HTI Defendants to cure the defect by amendment, the HTI Defendants will be granted leave to amend.  See Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." (citation and quotation marks omitted)).  However, the HTI Defendants are CAUTIONED that, if their second amended counterclaim fails to sufficiently allege detrimental reliance,

their second amended counterclaim may be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Liberty Mutual's September 11, 2023 Motion to Dismiss Defendants Hawaiya Technologies, Inc., Paul Schultz, and Mun-Won Chang's First Amended Counterclaim, Filed August 28, 2023 [Dkt. No. 37.] is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as the First Amended Counterclaim is DISMISSED.  The Motion is DENIED insofar as the dismissal is WITHOUT PREJUDICE to the filing of a second amended counterclaim.  The HTI Defendants shall file their second amended counterclaim by **December 14, 2023.**  The HTI Defendants are CAUTIONED that, if they fail to file a second amended counterclaim by **December 14, 2023,** the First Amended Counterclaim will be dismissed with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 14, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LIBERTY MUTUAL INSURANCE COMPANY VS. HAWAIYA TECHNOLOGIES, INC., ET AL**; CV 23-00117 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF/COUNTER DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS DEFENDANTS HAWAIYA TECHNOLOGIES, INC., PAUL SCHULTZ, AND MUN-WON CHANG'S FIRST AMENDED COUNTERCLAIM, FILED AUGUST 28, 2023 [DKT. NO. 37]