```
```

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, A MASSACHUSETTS CORPORATION;<br><br>    Plaintiff,<br><br>  vs.<br><br>HAWAIYA TECHNOLOGIES, INC., A HAWAII CORPORATION; PAUL SCHULTZ, AN INDIVIDUAL; MUN-WON CHANG, AN INDIVIDUAL; PAUL SCHULTZ, AS CO-TRUSTEE OF THE PAUL S. SCHULTZ REVOCABLE TRUST; MUN-WON CHANG, AS CO-TRUSTEE OF THE PAUL S. SCHULTZ REVOCABLE TRUST; PAUL SCHULTZ, AS CO-TRUSTEE OF THE MUN-WON CHANG REVOCABLE TRUST; MUN-WON CHANG, AS CO-TRUSTEE OF THE MUN-WON CHANG REVOCABLE TRUST; AND DEBORAH P. SIMCOX, AS TRUSTEE OF THE JANE WON-IM CHANG REVOCABLE TRUST;<br><br>    Defendants. | CIV. NO. 23-00117 LEK-KJM |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING PARTIES TO MEET AND CONFER**

Before the Court is Plaintiff Liberty Mutual Insurance Company's ("Liberty Mutual") Motion for Summary Judgment ("Motion"), filed March 22, 2024. [Dkt. no. 48.] Defendants Hawaiya Technologies, Inc. ("HTI"); Paul Schultz, both individually and as Co-Trustee of the Paul S. Schultz Revocable Trust and Co-Trustee of the Mun-Won Chang Revocable Trust

("Schultz," "the Schultz Trust," and "the Chang Trust"); and Mun-Wong Chang, individually and as Co-Trustee of Schultz Trust and the Chang Trust ("Chang" and all collectively "the HTI Defendants"), filed their memorandum in opposition on April 26, 2024. [Dkt. no. 54.] Liberty Mutual filed a reply on May 3, 2024. [Dkt. no. 55.] The matter came on for hearing on May 17, 2024. At the May 17 hearing, the Court allowed supplemental briefing. The HTI Defendants filed their supplemental memorandum in opposition ("Supplemental Memorandum in Opposition") on May 31, 2024, and Liberty Mutual filed its supplemental reply on June 6, 2024. [Dkt. nos. 58, 59.] Liberty Mutual's Motion is hereby granted for the reasons set forth below, and summary judgment is granted in favor of Liberty Mutual.

## BACKGROUND

The instant case arises from an alleged breach of a written settlement agreement ("Settlement Agreement") that the parties entered into in a prior lawsuit in this district. See Complaint, filed 3/3/23 (dkt. no. 1), at ¶¶ 12-38; see also generally Liberty Mut. Ins. Co. v. Hawaiya Techs., Inc. et al., CV 18-00410 HG-RLP ("the 2018 Lawsuit").

### I. The 2018 Lawsuit

The 2018 Lawsuit concerned, among other things, the HTI Defendants' alleged breach of the General Agreement of Indemnity ("Indemnity Agreement") after the HTI Defendants

2

failed to indemnify Liberty Mutual. See Concise Statement of Facts in Supp. of Pltf. Liberty Mutual Insurance Company's Motion for Summary Judgment ("Pltf.'s CSOF"), filed 3/22/24 (dkt. no. 49), at ¶ 12; Mem. in Opp., Defs.' Objection to Separate Concise Statement of Facts in Supp. of Pltf. Liberty Mutual Insurance Company's Motion for Summary Judgment ("Defs.' CSOF") at ¶ 12 (stating Pltf.'s CSOF ¶ 1 is not disputed); Pltf.'s CSOF, Declaration of Luis Aragon ("Aragon Decl."), Exh. 1 (General Agreement of Indemnity, dated 12/7/09 ("Indemnity Agreement")). Liberty Mutual entered into the Indemnity Agreement with HTI, Schultz, and Chang in 2009. [Pltf.'s CSOF at ¶ 1; Defs.' CSOF at ¶ 1; Aragon Decl., Exh. 1 (Indemnity Agreement).[1]]

On April 27, 2016, BCP Construction of Hawaii, Inc. ("BCP") entered into a subcontract with HTI for $3,004,206 ("Subcontract") to provide labor and materials for the Halawa Correctional Facility, Security Electronic & Hardware Repairs and Improvements project ("Halawa Project"). [Pltf.'s CSOF at ¶ 3; Defs.' CSOF at ¶ 3; Aragon Decl., Exh. 3 (Subcontract).] As partial consideration for the Indemnity Agreement, on May 18, 2016, Liberty Mutual issued on behalf of HTI as the principal a

---

[1] The Indemnity Agreement was amended in 2016 to add the Chang Trust and Shultz Trust as indemnitors. [Pltf.'s CSOF at ¶ 2; Defs.' CSOF at ¶ 2; Aragon Decl., Exh. 2 (Amendment #1 to the General Agreement of Indemnity, dated 4/4/16).]

3

Subcontract Performance Bond and Subcontract Payment Bond, each for the penal sum of $3,004,206, with BCP as the obligee. [Pltf.'s CSOF at ¶ 4; Defs' CSOF at ¶ 4; Aragon Decl., Exh. 4 (Subcontract Performance Bond, Subcontract Payment Bond, and Power of Attorney); Aragon Decl. at ¶ 7.] BCP made a demand against the performance bond on May 12, 2018. [Pltf.'s CSOF at ¶ 6; Defs.' CSOF at ¶ 6; Aragon Decl., Exh. 5 (letter dated 5/12/18 from Robert Close, BCP President ("Close"), to Luis Aragon, Liberty Mutual Surety Claims Counsel, declaring HTI in default).] On May 15, 2018, BCP terminated HTI from the Halawa Project for breaches under the Subcontract. [Pltf.'s CSOF at ¶ 7; Defs.' CSOF at ¶ 7; Aragon Decl., Exh. 6 (letter dated 5/15/18 from Close to Mun-Won Chang terminating the Subcontract).] Liberty Mutual investigated BCP's termination of HTI and BCP's demand against the performance bond. [Pltf.'s CSOF at ¶ 8; Defs.' CSOF at ¶ 8.[2]]

---

[2] The Vertex Companies, Inc. ("Vertex") prepared a report for Liberty Mutual, dated June 18, 2018, titled "Termination Review: Halawa Correctional Facility Security Electronics & Hardware Repairs & Improvement Project – Honolulu, Hawaii" ("Vertex 2018 Report"). [Mem. in Opp., Declaration of Mun Won Chang ("Chang Decl."), Exh. C.] Vertex determined BCP's termination of HTI for default was "likely proper, primarily as a result of the substantial work quality issues." [Id. at 16.] Vertex later prepared another report for Liberty Mutual, dated February 19, 2019, titled "Analysis of BCP Construction's Use of Liberty Mutual Funds: Correctional Facility Security Electronics & Hardware Repairs & Improvement Project – Honolulu, Hawaii" ("Vertex 2019 Report"). [Chang Decl., Exh. A.] Vertex opined
(. . . continued)

Liberty Mutual made repeated demands to the HTI Defendants to indemnify it for the losses suffered pursuant to the Indemnity Agreement. After the HTI Defendants refused to do so, Liberty Mutual initiated the 2018 Lawsuit. [Aragon Decl. at ¶¶ 13-14.]

## II. The Settlement Agreement

On April 26, 2021, Liberty Mutual, the HTI Defendants, and Jane Won-Im Chang and Deborah Simcox as Co-Trustees of the Jan Won-Im Chang Revocable Trust entered into the Settlement Agreement. [Id., Exh. 8 (Settlement Agreement).] Pursuant to the Settlement Agreement, the HTI Defendants agreed to pay Liberty Mutual $2,000,000 by December 31, 2021. If this amount was not paid by that date, the HTI Defendants were required to pay $2,100,000 by March 31, 2022. If that amount was not paid by that date, the HTI Defendants agreed to pay Liberty Mutual $2,200,000 by June 30, 2022. [Id. at 3.] The HTI Defendants agreed to execute a Stipulated Judgment for $2,200,000, which Liberty Mutual had a right to enforce after June 30, 2022 if payments were not made as agreed to. Defendants agreed to be responsible for Liberty Mutual's fees and costs in enforcing the

---

that BCP "inappropriately charged at least $983,711.49 against the funds provided by" Liberty Mutual, leaving $1,657,210.88 still available for completion of the work. [Id. at 13.] At the time of the Vertex 2019 Report, the remedial work was still ongoing. [Chang Decl. at ¶ 16.]

5

Stipulated Judgment. [Id. at 3-4.] The parties agreed to release any and all claims related to work on the Halawa Project, the Indemnity Agreement, the Subcontract, and the bonds issued by Liberty Mutual on behalf of HTI as the principal and BCP as the obligee connected to the Halawa project, and the 2018 Lawsuit. [Id. at 1-2, 4.] The parties to the 2018 Lawsuit agreed to dismiss the lawsuit with prejudice. [Id. at 6.] On May 20, 2021, the Stipulation for Dismissal with Prejudice as to All Claims and All Parties; Order was entered in the 2018 Lawsuit ("Stipulation for Dismissal"). [Aragon Decl., Exh. 9 (Stipulation for Dismissal).]

On June 28, 2022, the parties entered into an email agreement to amend the terms of the Settlement Agreement ("Amendment to the Settlement Agreement"). [Pltf.'s CSOF at ¶ 17; Defs.' CSOF, at ¶ 17; Aragon Decl., Exh. 10 (emails between counsel, dated from 6/22/22 to 6/28/22, regarding lien on Kapiolani property and the Settlement Agreement).] The Amendment to the Settlement Agreement did not reduce the $2,200,000 amount agreed upon in the Settlement Agreement, and stated interest will accrue on the Settlement Agreement amount at 10% per annum beginning July 1, 2022. [Aragon Decl., Exh. 10 at 1-2.] Liberty Mutual agreed not to file the Stipulated Judgment until after September 30, 2022. [Id. at 2.]

The HTI Defendants paid $50,000 to Liberty Mutual, but did not pay $2,200,000 on or before September 30, 2022. [Pltf.'s CSOF at ¶ 20; Defs.' CSOF at ¶ 20.]

### III. HTI's Knowledge Before Entering the Settlement Agreement

During the 2018 Lawsuit, HTI served Liberty Mutual with Defendant Hawaiya Technologies Inc.'s First Request for Answers to Interrogatories and First Request for Production of Documents to Plaintiff in March 2019 ("March 2019 Discovery Request"). [Chang Decl., Exh. D (March 2019 Discovery Request).] The March 2019 Discovery Request asked for "Documents" and "electronically stored information" as these terms are defined in Federal Rule of Civil Procedure 34. [Id. at 6.] Document Request No. 2 of the March 2019 Discovery Request asked Liberty Mutual to "[p]roduce all documents that support your conclusion in the Claim Determination Letter that HTI failed to timely address the issue of incorrectly installed couplings." [Id. at 9.] On May 17, 2019, Liberty Mutual responded to the March 2019 Discovery Request with drawings of couplings that did not show "as-built" drawings, but only the original design of the couplings. [Chang Decl. at ¶ 20.]

According to Chang, HTI was first made aware of the redline drawings in May 2022. At the time of entry into the Settlement Agreement, Chang states that: HTI believed the final design of the couplings were what was produced in response to

7

the March 2019 Discovery Request, and not what the redline drawings show; [id. at ¶¶ 22-23;] and HTI was not aware "that BCP's claim against the bond was based upon work that HTI did on the original design, and not based upon the redline drawings depicting the design change;" [id. at ¶ 24]. Chang states that, with the redesign, there was no need for remedial work by HTI. [Id.] Chang states "[t]he vast majority of the work . . . was beyond the scope of HTI's subcontract and which Liberty Mutual should not have paid for under the bond." Chang Decl. at ¶ 25 (citing Chang Decl., Exh. E (Appendix A: R393 11.9.18 George Foster Remaining Work Punch List); see also id., Exh. F ("Out of Scope Claim Summary Based on C156 BCP, C161 Sierra, & C222 HTI's Daily Reports").[3]

## IV. The Instant Case

Liberty Mutual alleges the following claims: (1) breach of contract ("Count I"); [Complaint at ¶¶ 39-44;] and

---

[3] Chang also makes statements in his declaration that are inadmissible regarding what Liberty Mutual was, or should have been, aware of at certain points in time. See, e.g., Chang Decl. at ¶¶ 20, 22, 24. Chang does not state how he would have personal knowledge of what Liberty Mutual knew or should have known. Information in an affidavit or declaration that is not based on personal knowledge is inadmissible in opposition to a motion for summary judgment. Fed. R. Civ. P. 56(c)(4); Block v. City of Los Angeles, 253 F.3d 410, 419 (9th Cir. 2001) (holding that it was an abuse of discretion to consider a fact set forth in an affidavit that was not made on personal knowledge at summary judgment). The Court therefore does not consider the statements made in the Chang Declaration regarding Liberty Mutual's knowledge.

8

(2) breach of the covenant of good faith and fair dealing ("Count II"), [id. at ¶¶ 45-50]. Liberty Mutual asks the Court to grant summary judgment in its favor as to both claims. [Motion at 2.]

## DISCUSSION

### I. Count I

The HTI Defendants do not argue there is a genuine issue of material fact regarding any element of the breach of contract claim. Rather, the HTI Defendants argue the Settlement Agreement is void due to what appears to be an affirmative defense based on a breach of fiduciary duty and the doctrine of willful blindness. The HTI Defendants asserts a two-step affirmative defense. First, that Liberty Mutual possessed a fiduciary duty as a surety to investigate claims on its bond, and that Liberty Mutual failed to properly investigate such claims and did not inform the HTI Defendants of certain facts when the parties entered into the Settlement Agreement. See [Mem. in Opp. at 1-2, 8-9; Suppl. Mem. in Opp. at 2-6.] Second, stemming from this duty to investigate, the willful blindness doctrine applies, and Liberty Mutual was willfully blind to the fact the work conducted was outside the scope of HTI's contract, therefore Liberty Mutual should be attributed to having knowledge of certain facts at the time of entry in the Settlement Agreement or of failing to discharge the duty to

9

investigate. Thus, the HTI Defendants argue the Settlement Agreement is void. [Mem. in Opp. at 10-13; Suppl. Mem. in Opp. at 6-8.]

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As the party with the burden of persuasion at trial, [Liberty Mutual] must establish beyond controversy every essential element of its" breach of contract claim. See S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) (per curiam) (citation and internal quotation marks omitted). Once Liberty Mutual has met this burden, the HTI Defendants "can defeat summary judgment by demonstrating the evidence, taken as a whole, could lead a rational trier of fact to find in [their] favor." See id. (citation omitted). The HTI Defendants "'must set forth specific facts showing that there is a genuine issue for trial.'" See Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).[4] "A plaintiff moving for summary judgment is not obligated to negate affirmative defenses, but an affirmative defense will negate

---

[4] Porter was abrogated on other grounds as noted in Beckmann v. Ito, 430 F. Supp. 3d 655, 674 (D. Hawai`i 2020).

summary judgment where each element of the affirmative defense is supported by summary judgment evidence." McCollough v. Johnson, Rodenberg & Lauinger, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (citations omitted), *aff'd sub nom.*, McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939 (9th Cir. 2011); see also Clark v. Cap. Credit & Collection Servs., 460 F.3d 1162, 1177 (9th Cir. 2006) (noting defendants bore the burden of proof as to an affirmative defense at summary judgment).

Liberty Mutual has met its burden of establishing each element of its breach of contract claim. "Typically, the construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004) (brackets, citation, and internal quotation marks omitted). Therefore, Hawai`i contract principles apply. See, e.g., Liberty Dialysis-Hawaii LLC v. Kaiser Found. Health Plan, Inc., CIV. NO. 17-00318 JMS-WRP, 2020 WL 3549156, at *4 (D. Hawai`i June 30, 2020). Under Hawai`i law, to prevail on its breach of contract claim, Liberty Mutual must prove: "(1) the contract at issue; (2) the parties to the contract; (3) whether Plaintiff performed under the contract; (4) the particular provision of the contract allegedly violated by Defendants; and (5) when and how Defendants allegedly

11

breached the contract." Evergreen Eng'g, Inc. v. Green Energy Team LLC, 884 F. Supp. 2d 1049, 1059 (D. Hawai`i 2012) (quotation marks and citation omitted).

As noted, the elements of the breach of contract claim are not disputed. Liberty Mutual has demonstrated the existence of the contract – the Settlement Agreement – and the parties to the Settlement Agreement. [Aragon Decl., Exh. 8 (Settlement Agreement); Aragon Decl., Exh. 10 at 1-2 (Amendment to the Settlement Agreement).] Liberty Mutual has also demonstrated that it performed under the Settlement Agreement. See Pltf.'s CSOF at ¶¶ 16, 18-19; Defs.' CSOF at ¶¶ 16, 19 (disputing only the HTI Defendant's knowledge at the time of entry into the Settlement Agreement, and not Liberty Mutual's performance under the Settlement Agreement); id. at ¶ 18 (stating Pltf.'s CSOF at ¶ 18 is not disputed); Aragon Decl., Exh. 9 (Stipulation for Dismissal); Aragon Decl. at ¶ 21 (stating Liberty Mutual did not file or record the Stipulated Judgment nor take collection efforts prior to September 30, 2022). Liberty Mutual also delineated the provision of the Settlement Agreement allegedly violated by the HTI Defendants, and when and how the HTI Defendants violated this provision: the HTI Defendants failed to pay $2,200,000 on or before September 30, 2022. [Pltf.'s CSOF at ¶ 20; Defs.' CSOF at ¶ 20.] The HTI Defendants have not raised a genuine issue of material fact regarding any element of the

12

breach of contract claim, and Liberty Mutual has demonstrated beyond controversy every element of its breach of contract claim.

The Court next considers the HTI Defendants' defense of breach of fiduciary duty and willful blindness. Preliminarily, Liberty Mutual argues the HTI Defendants waived this affirmative defense by not including it in their answer. See Reply at 7-8; see also HTI Defs.' Answer to Plaintiff's Complaint Filed on March 3, 2023, filed 4/6/23 (dkt. no. 20), at ¶¶ 7-9. However, "[a]n affirmative defense raised for the first time in opposition to summary judgment may be considered unless the plaintiff argues prejudice from the late assertion." Chung v. U.S. Bank, N.A., 250 F. Supp. 3d 658 (D. Hawai`i 2017) (citing Paine v. City of Lompoc, 265 F.3d 975, 980 n.1 (9th Cir. 2001)). Liberty Mutual does not contend it was prejudiced by the late assertion of the fiduciary duty/willful blindness affirmative defense. Therefore, the Court will consider it.

The HTI Defendants' affirmative defense fails for multiple reasons. First, even assuming Liberty Mutual has a fiduciary duty to investigate before making payment on the bonds and breached that duty, and even assuming Hawai`i courts recognized and applied the doctrine of willful blindness to contracts, Liberty Mutual's affirmative defense does not warrant

rescission of the Settlement Agreement.[5] Pursuant to Hawai`i law, "absent 'bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it.'" Liberty Dialysis-Hawaii, 2020 WL 3549156, at *4 (quoting Edwards v. Trade Pub. Ltd., 2013 WL 1296277, at *3 (D. Haw. Mar. 27, 2013) (quoting Miller v. Manuel, 9 Haw. App. 56, 63, 828 P.2d 286, 291 (1991)); see also Assocs. Fin. Servs. Co. of Hawai`i v. Mijo, 87 Hawai`i 19, 29, 950 P.2d 1219, 1229 (1998) (quoting Miller). The HTI Defendants are not arguing bad faith or fraud. See generally Mem. in Opp.; Suppl. Mem. in Opp. Thus, the HTI Defendants' defense fails for this reason alone.

The HTI Defendants' defense also fails because, upon entering the Settlement Agreement, the HTI Defendants waived any

---

[5] The HTI Defendants cite Willis v. Swain, 129 Hawai`i 478, 304 P.3d 619 (2013), in their Supplemental Memorandum in Opposition to argue that Liberty Mutual had a duty of good faith, which required it to investigate the Performance Bond surety bond, and therefore, the willful blindness doctrine applies, which in turn warrants rescission of the Settlement Agreement. [Suppl. Mem. in Opp. at 2-8.] In Willis, the supreme court held that under the State of Hawai`i Insurance Joint Underwriting Program ("JUP"), an insurer owes the same rights and obligations to the person whose claim is assigned to it as the insurer would owe to an insured to whom the insurer had issued a policy. Willis, 129 Hawai`i at 479, 304 P.3d at 620. However, Willis is inapposite because, even if Liberty Mutual had a duty to investigate the bonds, it would not justify recission of the settlement agreement absent bad faith or fraud, which is not at issue here. See Liberty Dialysis-Hawaii, 2020 WL 3549156, at *4.

14

potential claim for breach of fiduciary duty or willful blindness. See Aragon Decl., Exh. 8 (Settlement Agreement) at 4, ¶ 3 (releasing Liberty Mutual from "any and all claims . . . whether known or unknown, suspected or unsuspected, asserted or unasserted, which have been or could have been brought, arising out, or in any way connected with or related to the Project, the General Agreement of Indemnity, as amended, the Subcontract, Bonds, and the [2018] Lawsuit"). The HTI Defendants fail to address this. If the HTI Defendants had a claim for breach of fiduciary duty or willful blindness against Liberty Mutual, they waived it upon entering into the Settlement Agreement. The HTI Defendants' affirmative defense therefore fails on this basis.

   Finally, although the Court need not reach this issue, Hawai`i courts have not recognized the doctrine of willful blindness in the civil context, and more specifically, in contract law. The willful blindness doctrine has been applied in a very limited basis in civil cases. See Global-Tech Appliances, Inc. v. SEB S.A., 563 U.S. 754, 766, 768 (2011) (noting the doctrine "is well established in criminal law," and applying it to "civil lawsuits for induced patent infringement under 35 U.S.C. § 271(b)"); see also Intel Corp. Inv. Pol'y Comm. v. Sulyma, 140 S. Ct. 768, 779 (2020) (noting willful blindness may support a finding of actual knowledge in the context of a claim under the Employee Retirement Income Security Act). The HTI

15

Defendants do not cite any Hawai`i case law applying the doctrine of willful blindness in any civil case, let alone any contract case, nor is the Court aware of any such case. Considering the limited application of the doctrine in civil cases generally and the clarity of Hawai`i law regarding the limited circumstances that justify rescission of a settlement agreement, the Court concludes application of the willful blindness doctrine to the instant case inappropriate.

Viewing the record in the light most favorable to the HTI Defendants as the nonmoving party, see Harris v. Cnty. of Orange, 17 F.4th 849, 855 (9th Cir. 2021), the Court finds that the HTI Defendants have not carried their burden of demonstrating a genuine issue of material fact as to Liberty Mutual's prima facie case, nor have they demonstrated that an affirmative defense, supported by evidence, applies. Therefore, the Court grants summary judgment in favor of Liberty Mutual as to Count I. See Fed. R. Civ. P. 56(a).

**II.   Count II**

Finally, Liberty Mutual alleges in Count II that the HTI Defendants breached the covenant of good faith and fair dealing. See Complaint at ¶¶ 45-50. Hawai`i law recognizes that "every contract contains an implied covenant of good faith and fair dealing that neither party will do anything that will deprive the other of the benefits of the agreement." Best Place,

16

Inc. v. Penn Am. Ins. Co., 82 Hawai`i 120, 123-24, 920 P.2d 334, 337-38 (1996) (citations omitted). However, the covenant of good faith and fair dealing is not an independent cause of action. See Lynch v. Fed. Nat'l Mortg. Ass'n, CIVIL NO. 16-00213 DKW-KSC, 2016 WL 6776283, at *9 (D. Hawai`i Nov. 15, 2016) ("Breach of the implied covenant of good faith is not its own claim but merely part of a breach of contract analysis." (citation omitted)). There is no independent breach of covenant of good faith and fair dealing tort cause of action in Hawai`i, and claims of bad faith are limited to the insurance context or situations involving special relationships. See Sung v. Hamilton, 710 F. Supp. 2d 1036, 1050 (D. Hawai`i 2010) (citing Francis v. Lee Enterprises, Inc., 89 Hawai`i 234, 971 P.2d 707, 711-12 (1999)). However, Liberty Mutual does not allege bad faith in Count II. See Complaint at ¶¶ 45-50. Therefore, the Court construes Count II as subsumed within Count I, the breach of contract claim. To the extent that Count II states a separate cause of action, Count II is dismissed.

## CONCLUSION

For the foregoing reasons, Liberty Mutual's Motion for Summary Judgment, filed March 22, 2024, is GRANTED. Summary judgment is granted in favor of Liberty Mutual as to Count I. Count II is DISMISSED. The Court DIRECTS the parties to meet and confer regarding whether an evidentiary hearing on damages is

necessary. The parties are DIRECTED to submit a joint statement if they agree on whether or not an evidentiary hearing on damages is necessary, and separate statements if they do not agree on whether or not an evidentiary hearing on damages is necessary. The parties' statement(s) shall be filed by **August 30, 2024**.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, July 16, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LIBERTY MUTUAL INSURANCE COMPANY VS. HAWAIYA TECHNOLOGIES, INC., ET AL; CV 23-00117 LEK-KJM; ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING PARTIES TO MEET AND CONFER**